■ LAWRENCE J. Fox, Plaintiff and Third-Party Plaintiff-Respondent, v MARINE MIDLAND BANK, N.A., Defendant. EDWARD B. FRIEDMAN et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Kelly, J.), entered May 17, 1989 in Rockland County, which denied a motion by third-party defendants Edward B. Friedman and Barash, Goodfriend & Friedman, P. C. to dismiss the third-party complaint against them.

At issue herein is whether Supreme Court properly denied dismissal of the third-party complaint as against third-party defendants Edward B. Friedman and Barash, Goodfriend & Friedman, P. C. (hereinafter collectively referred to as third-party defendants) and held that a cause of action in indemnity against them for all or part of the claim of defendant against plaintiff was made out and that the action was not barred by the Statute of Limitations.

Plaintiff instituted an action against defendant to reform a guarantee, provided by plaintiff, of a loan made by defendant in May 1985 to Perez & Company, Inc. (hereinafter the corporation), a New York corporation, in which plaintiff owned 25% of the stock and Manuel Perez owned 75%. The guarantee contains language that it is unlimited as to amount. Plaintiff's complaint alleges that the guarantee which plaintiff agreed to give to defendant was to be limited to an amount not exceeding 25% of the loan of $45,000. Plaintiff contends that defendant has been paid the $45,000 and that he is not indebted to it in any amount.

In its answer, defendant asserted a counterclaim for

$170,754.42. It contends that plaintiff's guarantee was unlimited. The demand for $170,754.42 is the total amount allegedly due to defendant by the corporation. In its second counterclaim, defendant seeks to recover counsel fees incurred in collecting the debts.

Plaintiff then initiated a third-party action against, among others, third-party defendants. The third-party complaint alleges that third-party defendants were certified public accountants employed by plaintiff and Manuel Perez to negotiate the loan with defendant. Plaintiff's third-party complaint seeks indemnity from third-party defendants for any excess over 25% of the $45,000 loan plaintiff may be held responsible for because of third-party defendants' failure to limit the guarantee as they were instructed to do by plaintiff. Plaintiff claims that third-party defendants conducted all of the negotiations with defendant, and that he executed a standard form of guarantee and returned it to third-party defendants. Plaintiff contends that the space indicating the extent of the guarantee was purposefully left blank by him upon the understanding that when it was delivered to defendant by third-party defendants it would contain language limiting plaintiff's liability to 25% of the $45,000 loan. Third-party defendants served as accountants for both the corporation and for plaintiff personally from May 1985 to July 1988, and advised plaintiff regarding financial and tax matters.

In our view, Supreme Court improperly refused to dismiss the third-party complaint against third-party defendants. The third-party complaint asserts a claim for indemnity. The status of the law, contrary to Supreme Court's holding, is that in a claim for indemnification a duty must exist between the third-party defendant and the primary plaintiff. Plaintiff's reliance on *Garrett v Holiday Inns* (58 NY2d 253) to the contrary is misplaced. The Court of Appeals in that case did not, as urged by plaintiff, abolish the need for a duty to exist between a third-party defendant and a primary plaintiff in a cause of action based on indemnification.

The *Garrett* decision *(supra)* is instructive on this point. The Court of Appeals held there that a third-party action for *contribution* could survive notwithstanding the absence of a duty owed from a third-party defendant to a plaintiff. The Court of Appeals has gone on to say in subsequent decisions that in the unusual case (such as that before it in *Garrett)*, the right of apportionment may arise from the duty owed from the contributing party to the party seeking contribution *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71

NY2d 599). *Garrett* holds, however, that a third-party defendant could not be subject to an indemnification claim without a corresponding duty running between the plaintiff and the third-party defendant. Since here the only claim for which plaintiff seeks to recover is one for strict indemnity, we need to review the nature of the instant relationship between plaintiff and third-party defendants to ascertain the viability of plaintiff's cause of action in indemnity.

Plaintiff does not allege that a duty ever existed between third-party defendants and defendant. Third-party defendants, as accountants, owed a duty to those contracting with them for their services *(see, Iselin & Co. v Mann Judd Landau,* 71 NY2d 420). Plaintiff's complaint is based on third-party defendants' failure to fill in the blank in the guarantee statement so as to limit his financial exposure. Plaintiff contends that third-party defendants breached a duty to him by not adequately responding to his instructions regarding limiting his guarantee of loans given to the corporation. There is nothing before us that supports a finding that defendant detrimentally relied on inaccurate financial documents supplied by third-party defendants, the noncontractual parties. Defendant is not a party to these proceedings, so that we do not have before us its position as to the guarantee, such as what it required for the financial arrangement to be acceptable to it and whether third-party defendants dealt directly with it as to the guarantee. Since no duty has been made out as running from third-party defendants to defendant, no cognizable cause of action in indemnification has been stated. Therefore, Supreme Court erroneously denied third-party defendants' motion to dismiss plaintiff's third-party complaint against them.

Having concluded that the third-party complaint seeks indemnification and must be dismissed against third-party defendants, we decline to discuss the Statute of Limitations question on appeal raised by third-party defendants.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion of third-party defendants Edward B. Friedman and Barash, Goodfriend & Friedman, P. C. to dismiss the third-party complaint against them; motion granted and third-party complaint dismissed against said third-party defendants; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.