■ SERVICE SIGN ERECTORS CO., INC., Plaintiff, v ALLIED OUTDOOR ADVERTISING, INC., Defendant and Third-Party

Plaintiff-Respondent-Appellant. NEW YORK CITY TRANSIT AUTHORITY et al., Third-Party Defendants-Appellants-Respondents.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered April 5, 1990, granting so much of third-party defendants' summary judgment motion as sought dismissal of the first cause of action in the third-party complaint, while denying that portion of the motion seeking dismissal of the second and third causes of action in that third-party complaint, unanimously modified, on the law, to grant dismissal of the second and third causes of action as well, and as so modified, affirmed, without costs.

Plaintiff ("Service Sign") was the subcontractor hired to construct a billboard which defendant and third-party plaintiff ("Allied") had agreed to build at third-party defendants' ("Authority's") Eastside bus depot in Manhattan, pursuant to a license agreement between Allied and the Authority for development of new outdoor advertising display revenues. Shortly after Service Sign began work at the depot, the Authority's administrator unilaterally ordered a halt when he learned that the bus facility was scheduled to undergo substantial renovation. Over the weekend, while no workers were on the site, the unfinished billboard structure collapsed due to insufficient support. When Allied refused to compensate Service Sign for the work done, the latter commenced this action for damages in breach of contract or quantum meruit. Allied then brought this third-party action, the first three causes of which were based on a theory of indemnification. A fourth cause of action, asserting liability apart from indemnity, was dismissed for failure to file timely notice of claim, and is no longer before us.

Allied urges that its third-party claims rest upon indemnification, not express, but implied. The independent action based upon implied obligation to indemnify has long been recognized by our courts (see, e.g., McDermott v City of New York, 50 NY2d 211, 217; Brown v Rosenbaum, 287 NY 510, 518-519, cert denied 316 US 689). The principle derives from section 76 of the Restatement of Restitution, which provides that where a party has discharged a duty owed by him to another but which, as between himself and a third party, should properly have been discharged by the latter, then a right to indemnification from the third party arises.

But, successful assertion of that right requires that the primary obligor and the indemnitor are each subject to a duty to an injured party. The rule does not apply where the alleged indemnitor is not independently or co-extensively liable to the

injured party *(see,* Restatement of Restitution § 76, comment b). Nor does it apply outside of a contractual or quasi-contractual relationship absent specific pleading alleging such an extra-contractual obligation *(SSDW Co. v Feldman-Misthopoulos Assocs.,* 151 AD2d 293, 295-296).

The question presented on this appeal is whether, in the presence of an express contract indicating to the contrary, such quasi-contractual relief is nonetheless available. Here, there is a contract which provided for indemnification in the event of injury or damage to another, but such indemnification, by the clear terms of the contract, flowed only from Allied to the Authority. There was no mention in the contract of any indemnification obligation flowing in the opposite direction.

With the subject of indemnification clearly contemplated and expressly addressed by Allied and the Authority in their contract, we hold that under these circumstances there could only be a one-way obligation to indemnify by Allied as the indemnitor, and any reciprocal obligation is extinguished. Where we disagree with the IAS court is in its ruling that while quasi-contractual indemnification is unviable in this setting, indemnification might nonetheless be implied to sustain Allied's third-party causes of action for negligent misrepresentation and false representation. In light of the one-way flow of indemnity expressly limited by the contract terms, these additional third-party claims, albeit non-contractual, cannot withstand summary judgment in favor of the Authority *(see, Margolin v New York Life Ins. Co.,* 32 NY2d 149).

[The unpublished Decision and Order of this Court entered herein on June 18, 1991 is hereby recalled and vacated.] Concur—Murphy, P. J., Carro, Wallach and Rubin, JJ.