■ KEMRON ENVIRONMENTAL SERVICES, INC., Plaintiff, v ENVIRONMENTAL COMPLIANCE, INC., Defendant and Third-Party Plaintiff-Respondent. WILLIAM FLOYD UNION FREE SCHOOL DISTRICT, Third-Party Defendant-Appellant.—In an action to recover damages for breach of contract, the third-party defendant appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated July 16, 1990, as denied that branch of its cross motion which was for summary judgment dismissing the first, second, and fifth causes of action asserted against it in the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was for summary judgment dismissing the first, second, and fifth causes of action asserted in the third-party complaint is granted, and the third-party complaint is dismissed.

The William Floyd Union Free School District (hereinafter the District) allegedly entered into a contract with Environmental Compliance, Inc. (hereinafter ECI) to provide consulting services in connection with the removal of asbestos at one of its junior high schools. Thereafter, ECI allegedly requested Kemron Environmental Services, Inc. (hereinafter Kemron) to perform asbestos sampling and analysis for the District. After ECI and Kemron completed their work, they sought payment from the District. The District failed to make payment to Kemron and only made a partial payment to ECI. Thereafter, both ECI and Kemron commenced separate actions for breach of contract alleging that the District failed to pay their bills. However, their complaints were dismissed for failure to file timely notices of claim.

Subsequently, Kemron commenced the instant breach of contract action against ECI to recover payment for the work performed. ECI, in a third-party complaint, impleaded the District for purposes of indemnity. The District cross-moved for summary judgment dismissing ECI's third-party complaint. The Supreme Court denied the cross motion insofar as it was to dismiss the three causes of action sounding in indemnification, and dismissed the other causes of action.

We find that the Supreme Court improperly refused to dismiss the third-party complaint insofar as it asserted claims for indemnity against the District. In a claim for indemnification a duty must exist between the third-party defendant and the primary plaintiff (see, Service Sign Erectors Co. v Allied Outdoor Adv., 175 AD2d 761, 762-763; Fox v Marine Midland Bank, 160 AD2d 1168; Restatement of Restitution § 76, com-

ment *b)*. Since no duty has been demonstrated running from the District to Kemron, no cognizable cause of action for indemnification has been stated. Therefore, the Supreme Court erroneously denied that branch of the District's cross motion which was for summary judgment dismissing the indemnification causes of action. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.