Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.

■ JOSEPH M. CURTIN, Appellant, v COMMUNITY HEALTH PLAN et al., Respondents. [714 NYS2d 772] —Lahtinen, J. Appeal from an order of the Supreme Court (Hughes, J.), entered June 8, 1999 in Albany County, which, *inter alia*, granted a cross motion by defendant Community Health Plan for summary judgment dismissing the amended complaint against it.

Plaintiff was a beneficiary of a health plan provided by defendant Community Health Plan (hereinafter CHP) through his wife's employer, defendant Shenendehowa Central School District (hereinafter Shenendehowa). As a result of his 1996 annual physical and numerous referrals to CHP physicians for testing, plaintiff was diagnosed with prostate cancer. Plaintiff was then examined by a surgeon at an Albany hospital who recommended a radical prostatectomy after reviewing numerous other treatment options, including seed implantation, with plaintiff. Plaintiff decided to undergo the prostatectomy and began treatments in August 1996 in anticipation of a November 1996 surgery date.

A week before his surgery, plaintiff requested a second opinion by physicians in Massachusetts to whom he was referred and the request was approved by CHP. As a result of this consultation, plaintiff decided to cancel his November surgery and request approval for the seed implantation treatment to be performed by the Massachusetts physicians in their hospital. CHP refused to authorize seed implantation treat-

ment at the Massachusetts facility because such treatment was available within the plan service area from a CHP-affiliated physician. In preparation for the seed implantation, plaintiff had 27 days of external beam radiation treatment at a health care facility within the CHP system but opted to have the actual procedure performed in Massachusetts.

CHP's refusal to pay for those medical services performed in Massachusetts resulted in plaintiff's commencement of this breach of contract action. Thereafter, plaintiff amended his complaint to include Shenendehowa as a named defendant and then moved for leave to again amend his complaint to add an additional cause of action against CHP for "breach of contract and its obligation of good faith not to discourage use of medically appropriate diagnostic tests" which he claims resulted in a delay in the diagnosis and treatment of his prostate cancer. Based on this new cause of action, plaintiff also sought to add his wife as a party plaintiff and allege a derivative cause of action on her behalf. CHP and Shenendehowa opposed plaintiff's motion for leave to amend and cross-moved for accelerated judgment. Supreme Court denied plaintiff's motion and granted CHP's and Shenendehowa's cross motions, and this appeal ensued.

At oral argument plaintiff's counsel confirmed the abandonment of plaintiff's appeal with respect to his claim against Shenendehowa, leaving Supreme Court's denial of plaintiff's motion for leave to amend and its granting of CHP's cross motion for summary judgment for our consideration.

Initially, we address plaintiff's motion for leave to amend his complaint. Plaintiff's motion seeks leave to add a cause of action against CHP for adopting a policy of not recommending or paying for a test for prostate cancer known as the "PSA" test. Plaintiff claims CHP used that policy to deny him PSA tests in 1994, 1995 and 1996 despite his specific inquiry about the test and his belief that "it is accepted medical practice to order the PSA test for males above 50 years of age". Plaintiff contends that CHP's policy resulted in a delay in the diagnosis and treatment of his prostate cancer causing him significant risk of disability, death and mental anguish. Although sounding in medical malpractice, plaintiff argues this proposed cause of action alleging a policy that restricts medically appropriate diagnostic tests constitutes a breach of contract. Unconvinced that the proposed cause of action is not one for medical malpractice apparently barred by the applicable Statute of Limitations, we are nevertheless in agreement with Supreme Court that it "fails to set forth any contractual violation or malpractice by CHP".

Although leave to amend is freely given (*see*, CPLR 3025 [b]), some evidence of merit of the new claim must be shown (*see, Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 116) and since denial of a motion for leave to amend a complaint is within the discretion of the court, it will not be set aside lightly especially where, as here, plaintiff offers only his conclusory allegation to show any merit to the proposed breach of contract cause of action (*see, Pettengill v Sissman*, 267 AD2d 767; *Christenson v Gutman*, 249 AD2d 805). We also agree with Supreme Court that the proposed derivative action by plaintiff's wife has no basis in the absence of the underlying claim. Accordingly, we refuse to disturb Supreme Court's denial of plaintiff's motion for leave to amend his complaint.

We also conclude that Supreme Court properly granted CHP's motion for summary judgment. As the moving party CHP was obligated to come forward with evidentiary proof in admissible form showing its entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Zuckerman v City of New York*, 49 NY2d 557, 562). Such a showing was made by CHP's submission of the contract for health care services reflecting the applicable provisions which excluded from coverage care and treatment not authorized by plaintiff's primary care physician and the affidavit of plaintiff's primary care physician indicating that he did not authorize the seed implantation procedure to be performed in Massachusetts. CHP's prima facie showing required plaintiff to come forward with some evidentiary proof of his own to raise a triable issue of fact (*see, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 968).

However, plaintiff's claim that CHP committed a breach of contract because seed implantation treatment was not provided to him within a reasonable time is not supported by evidentiary proof in admissible form. To the contrary, plaintiff does not point to any contract provision violated by CHP and the record reveals that seed implantation treatment was discussed with a CHP affiliated doctor in July 1996 and authorized to be performed within the CHP service area in November 1996. Additionally, CHP provided the 27 external beam radiation treatments required before seed implantation was performed. However, after his request for authorization to have the seed implantation performed in Massachusetts was denied and appeals in December 1996 and February 1997 upheld that denial, plaintiff, nevertheless, opted to have the procedure performed in Massachusetts in March 1997. Although plaintiff's desire to have the procedure performed by physicians he believed to be

more experienced and with whom he was more comfortable is totally understandable, it does not support his claim for breach of contract on the facts of this record.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.