■ NADIA FERRAN, Appellant, v LAWRENCE J. WILLIAMS et al., Respondents. ANDREA P. CUNNINGHAM et al., Proposed Defendants-Respondents. [722 NYS2d 307] —Rose, J. Appeals (1) from an order of the Supreme Court (Canfield, J.), entered March 31, 1999 in Rensselaer County, which, *inter alia*, denied plaintiff's motion to serve a second supplemental complaint, and (2) from an order of said court, entered November 5, 1999 in Rensselaer County, which, *inter alia*, denied plaintiff's motion to vacate the prior order and granted defendants' motion for sanctions.

In 1991, as a result of a real property dispute with defendants, plaintiff commenced this action alleging numerous causes of action sounding in trespass, assault and negligence, and seeking damages and injunctive relief. The specifics of plaintiff's claims are described in this Court's prior decision (194 AD2d 962), which reviewed Supreme Court's earlier grant of defendants' motion to dismiss the action because of a pending Federal action between the same parties and arising out of the same facts. This Court modified Supreme Court's ruling and reinstated plaintiff's first, second, third and sixth causes of

action, seeking to recover for trespass that allegedly occurred within three years of the commencement of the action (*id.*, at 964). Defendants thereafter moved for summary judgment, Supreme Court dismissed plaintiff's sixth cause of action and plaintiff did not appeal.

Plaintiff then moved to serve a supplemental complaint adding five causes of action. During the pendency of this motion and after pretrial conferences conducted by Supreme Court's law clerk, plaintiff again moved to amend her complaint contending that the law clerk had sided with defendants during settlement conferences and that defendants' counsel, Andrea P. Cunningham, acted inappropriately by misrepresenting that defendants owned the disputed land. Plaintiff sought leave to assert 11 "supplemental" causes of action alleging slander of title, abuse of process, malicious prosecution, negligence, violation of 42 USC § 1983, deceit of court, respondeat superior, trespass, unfair trade practice and intentional infliction of emotional distress based primarily on the conduct of defendants' counsel. Plaintiff also moved to disqualify Cunningham and join her and her law firm, Carter, Conboy, Case, Blackmore, Maloney & Laird, P. C. (hereinafter Carter Conboy), in the action. Cunningham and Carter Conboy (hereinafter collectively referred to as the proposed defendants) and defendants opposed the motion and cross-moved for sanctions. Plaintiff thereafter also moved for sanctions and to sever her "supplemental" claims from her original claims.

Supreme Court denied plaintiff's motion to add supplemental claims after determining that plaintiff had not demonstrated merit to any of the proposed causes of action. Supreme Court also denied plaintiff's motion to disqualify the proposed defendants on the ground that she had not demonstrated that the statements made by Cunningham in the course of representing defendants were untrue. Finding no basis for an award of sanctions against defendants and that plaintiff had not given her proposed amendments a "minimal amount of thoughtful analysis," Supreme Court awarded sanctions to defendants. Plaintiff thereafter moved for an order either vacating Supreme Court's order or transferring the action to another county. Defendants and the proposed defendants cross-moved for additional sanctions. Citing plaintiff's penchant for continuing to pursue meritless claims, Supreme Court denied plaintiff's motion and granted sanctions to defendants and the proposed defendants. Plaintiff now appeals.

Initially, although leave to amend a pleading should be freely given (*see*, CPLR 3025 [b]), the proposed amendment must

demonstrate some merit (*see, Curtin v Community Health Plan*, 276 AD2d 884, 886; *Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 116). Since whether to grant leave rests within the sound discretion of the trial court, denial of such relief will not be set aside lightly (*see, Curtin v Community Health Plan*, *supra*). As Supreme Court correctly assessed, each of plaintiff's individual "supplemental claims" fails to establish a cause of action because one or more essential elements are absent from plaintiff's statements of those claims. Although plaintiff invites this Court to glean what causes of action may be adequately pleaded, but inaccurately denominated, we decline to do so because she has failed to identify any valid claim arising out of the conduct of defendants' counsel in defending against this litigation (*see, Lazich v Vittoria & Parker*, 189 AD2d 753, 754, *appeal dismissed* 81 NY2d 1006; *see also, Missick v Big V Supermarkets*, 115 AD2d 808, 811, *appeal dismissed* 67 NY2d 938; *Stilsing Elec. v Joyce*, 113 AD2d 353, 356). Thus, Supreme Court did not abuse its discretion by denying plaintiff leave to amend her complaint.

Turning to plaintiff's contention that Supreme Court improperly sanctioned her, we have already noted that her supplemental complaint lacks merit for failing to set forth the elements necessary to state a cognizable claim. Her rambling and voluminous papers refer to matters previously dismissed, and she continued to engage in frivolous conduct by moving to vacate Supreme Court's order while merely reiterating the same arguments rejected and penalized on her previous motion. In these circumstances, Supreme Court did not abuse its discretion by imposing sanctions on plaintiff.

We have reviewed plaintiff's remaining contentions and find them to be without merit.

Crew III, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.