■ GERHARD GODINEZ, Appellant, v SIENA COLLEGE et al., Respondents. [733 NYS2d 262] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered December 28, 1999 in Albany County, which, *inter alia*, granted defendant Siena College's motion for summary judgment dismissing the complaint against it, and (2) from a judgment of said court (McNamara, J.), entered March 8, 2000 in Albany County, upon a dismissal of the complaint against defendant Shirley Staley at the close of plaintiff's case.

Plaintiff was a student at defendant Siena College intermittently commencing in the fall of 1983 until his graduation from Siena in May 1992. Beginning in 1990, plaintiff was also receiving psychiatric treatment at the Albany County Mental Health

Clinic (hereinafter ACMHC) and the Capital District Psychiatric Center (hereinafter CDPC). During the evening prior to plaintiff's graduation, the Mobile Crisis Team (hereinafter MCT) of the ACMHC was informed by defendant Shirley Staley, a nurse employed at CDPC, that plaintiff "may act out, possibly violently" at the graduation ceremony. Staley based her report on statements allegedly made by plaintiff's mother to Staley during a telephone conversation and during support group meetings for parents of CDPC patients (hereinafter McFarlane groups). The MCT social worker immediately relayed this information to the Town of Colonie Police Department in Albany County, which in turn informed Siena security. Just prior to the graduation ceremony procession, plaintiff was questioned by Siena officials but permitted to participate in the uneventful graduation ceremony. Shortly thereafter, in June 1992, plaintiff was declared "persona non grata" by Siena and no longer permitted on the college campus. Plaintiff claims that he did not receive written notification of his "persona non grata" status from Siena officials, but admitted that he was orally informed of it by Siena security personnel in late June 1992.

In November 1994, plaintiff commenced this action against Siena and Staley, alleging that Staley negligently revealed inaccurate and misleading confidential information in breach of his confidential relationship with CDPC and, as a result, Siena negligently barred plaintiff from the Siena campus. After discovery, Siena successfully moved for summary judgment, securing dismissal of the complaint against it. Supreme Court (Keegan, J.) also denied plaintiff's cross motion which sought to add causes of action asserting that Siena violated Education Law § 6450, discriminated against plaintiff in violation of Executive Law § 296 and violated his civil rights. Thereafter, plaintiff's case proceeded to trial against Staley who, at the conclusion of plaintiff's proof, successfully moved for dismissal of the complaint. Plaintiff appeals from the order granting Siena summary judgment and the judgment dismissing the complaint against Staley.

Turning first to Supreme Court's dismissal of plaintiff's complaint against Siena, we reject plaintiff's argument that Siena violated its duty of reasonable care to plaintiff by failing to engage in any inquiry regarding Staley's statements and by not affording him proper notice and due process prior to declaring him "persona non grata." Pursuant to Education Law § 6450, Siena promulgated Guidelines for Conduct applicable to both members of the college community and other persons

which were set out in its Siena Life Handbook. Those guidelines gave Siena the right to declare a nonmember of the college community "persona non grata" if his or her "presence is considered detrimental to the welfare of the college community." Based upon his past disruptive conduct established by affidavits and exhibits submitted by Siena in support of its motion for summary judgment, we find Siena's actions in declaring plaintiff "persona non grata" was not an abuse of its "general power to exclude from the campus persons who do not abide by [the college's] rules of conduct" (*People v Leonard*, 62 NY2d 404, 409).

We also reject plaintiff's claim that he was not afforded proper notice or due process. Siena is bound to follow its own rules (*see, Matter of Beilis v Albany Med. Coll. of Union Univ.*, 136 AD2d 42, 43-44), however, plaintiff was not entitled to the procedural due process provided for in the Siena Life Handbook. Plaintiff was declared "persona non grata" subsequent to his graduation from Siena. As an alumnus, he was not considered a member of the Siena community who would be entitled to the procedural due process safeguards set forth in the Guidelines for Conduct for members of that community* (*see, People v Leonard, supra,* at 409). Further, although plaintiff denied receiving the letter from Siena declaring him "persona non grata," he admitted being personally informed of that decision by campus security officers in June 1992. Consequently, we find that Siena established its entitlement to judgment as a matter of law and plaintiff failed to demonstrate the existence of a triable issue regarding Siena's conduct.

We also hold that Supreme Court (Keegan, J.) did not abuse its discretion in denying plaintiff's cross motion to amend his complaint (*see, Ferran v Williams*, 281 AD2d 819, 821) since he failed to demonstrate merit in any of the proposed amendments (*see, Curtin v Community Health Plan*, 276 AD2d 884, 886). Plaintiff provided no authority for his claim to a private right of action under Education Law § 6450. Plaintiff's proposed cause of action pursuant to Executive Law § 296, alleging discrimination based on his mental health disability, lacks merit as it is clear from plaintiff's past behavior that Siena had a legitimate, not pretextual, nondiscriminatory reason for declaring him "persona non grata" (*see, Matter of North Shore Univ. Hosp. v Rosa*, 86 NY2d 413, 419-420). We also reject plaintiff's assertion that Siena violated his civil rights under

---

* Members of the Siena community are designated in the Siena Life Handbook and include faculty, students, administration, employees and Trustees.

42 USC § 1983 as Siena had the authority to ban him from its campus (see, *People v Leonard, supra*) and he was afforded all the rights to which a nonmember of the Siena community was entitled.

Next, plaintiff claims that he established a prima facie case against Staley at trial and that Supreme Court (McNamara, J.) erred by dismissing plaintiff's case against her at the close of his proof (see, CPLR 4401). Plaintiff argues that he established that Staley, a CDPC nurse, released confidential information from his records maintained at CDPC in violation of Mental Hygiene Law § 33.13. In response to Staley's motion, Supreme Court reviewed the evidence in the light most favorable to the nonmoving plaintiff and found that, on the proof presented and from the reasonable inferences to be drawn therefrom, the jury could not make a finding in favor of plaintiff by any rational process and dismissed the complaint (see, *Halmar Constr. Corp. v New York State Envtl. Facilities Corp.*, 76 AD2d 957, 958, *lv denied* 51 NY2d 705; *Merkle v Smith*, 66 AD2d 913, 914; see also, *McCluskey v West Bradford Corp.*, 177 AD2d 744, 746-747, *lv denied* 80 NY2d 753).

Plaintiff's complaint alleged that Staley negligently released confidential and inaccurate information about him and, by doing so, breached his right to the confidentiality of that information. Initially, we note that while plaintiff asserts a violation of Mental Hygiene Law § 33.13 as the basis for his breach of confidentiality claim, no statutory violation was alleged in the complaint, although a private right of action for a breach of that statute exists (see, *Munzer v Blaisdell*, 183 Misc 773, 775, *affd* 269 App Div 970). Nevertheless, plaintiff's trial proof established that CDPC's McFarlane group records contained statements attributed to plaintiff's mother and father, allegedly made to Staley personally on the telephone and during McFarlane group sessions, that their son "may act out, possibly violently" at his Siena graduation and that this information was released by Staley to the MCT. Plaintiff argues that this constituted a prima facie case establishing his cause of action for a breach of confidentiality as he established that these were confidential records and that they were improperly disclosed, their truth or falsity being irrelevant.

We disagree. Plaintiff's parents both testified that such information was manufactured, consisted of lies and that they never made any such statements. Accepting plaintiff's proof on this issue as Supreme Court was required to do, then it must be concluded that plaintiff's parents reported no such information to Staley (see, Mental Hygiene Law § 33.13 [c]) and, conse-

quently, there was no confidentiality to breach. It follows that the court properly determined that plaintiff's cause of action based on the publication of this false and manufactured information was properly one for defamation which, at the time of commencement of plaintiff's action, was time barred by the applicable Statute of Limitations (*see*, CPLR 215). Consequently, even a motion by plaintiff to amend the pleadings to conform to the proof (*see*, CPLR 3025 [c]) would not have been available because the court has no authority to extend any limitation period (*see*, CPLR 201). The court therefore properly dismissed the complaint against Staley.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, without costs.