■ LEONARD W. KROUNER, Appellant, v CHARLES TRAVIS, Respondent. [736 NYS2d 804] —Mugglin, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered December 6, 2000 in Albany County, which, inter alia, denied plaintiff's cross motion for leave to serve an amended complaint, and (2) from an order of said court, entered December 19, 2000 in Albany County, which, inter alia, denied plaintiff's motion for reconsideration.

Plaintiff engaged the services of defendant to install ceramic tile in various areas of his home. Installation commenced on April 3, 1992 and was completed on October 22, 1992. Defendant returned on May 2, 1993 to perform some repairs to the tile floor in the kitchen after plaintiff called to tell him that the floor was damaged due to a leaking ice maker. In November and December 1998, plaintiff attempted to contact defendant by both telephone and mail concerning further tile repair to his kitchen floor. When defendant did not respond, plaintiff hired someone else to perform the work and asked defendant for reimbursement. According to plaintiff, subsequent inspection of the area revealed that removal and replacement of the entire kitchen floor was required; however, the particular tiles had been discontinued by the manufacturer at an unspecified time prior to 1998.

---

In May 1999, plaintiff commenced this action alleging a cause of action in negligence and one in breach of contract. Specifically, plaintiff alleged that defendant breached the contract and reasonable standards of care by installing the tile in a defective manner and using tile which was "discontinued by the manufacturer without advising plaintiff prior to the time the tile was discontinued" so that plaintiff could purchase replacement tiles. Following joinder of issue, defendant moved for summary judgment on statute of limitations grounds and sought an award of sanctions, as well as costs and disbursements. Plaintiff opposed the motion and cross-moved for leave to serve an amended complaint containing allegations based on defendant's handwritten note attached to a May 8, 1992 invoice, which plaintiff claimed constituted a separate "repair and replacement" contractual obligation to repair the tile in perpetuity.* The proposed amended complaint contained two additional causes of action alleging that defendant breached this contractual obligation and, additionally, that defendant wrote the note with the fraudulent intention that plaintiff's reliance on it would prevent him from learning of defendant's defective work until after the statute of limitations expired.

Supreme Court denied plaintiff's cross motion to amend the complaint, granted defendant's motion for summary judgment, dismissed the complaint and awarded defendant costs in the amount of $250. Plaintiff then moved for reconsideration and requested, inter alia, that the court reconsider its earlier decision on costs, arguing that the award of $250 exceeded the limit imposed by CPLR 8202. Supreme Court construed the letter as a motion to reargue or renew and denied it as deficient on the ground that it was not in the proper form. Nevertheless, in the exercise of its discretion, the court reduced the prior award of costs to $100, but also awarded defendant an additional $100 in costs with respect to the reconsideration motion. Plaintiff appeals from both the order granting, inter alia, summary judgment to defendant and the order denying reconsideration.

Initially, we address the substance of plaintiff's cross motion for leave to amend his complaint and conclude that said motion was properly denied. While leave to amend is generally freely granted (see, CPLR 3025 [b]), some evidence of merit with respect to the new causes of action must be demonstrated

---

* That note stated, in relevant part: "This is your final bill, to date anyway. Payment in full does not mean that I will not come back and fix anything that is wrong, broken or that you don't like."

(*see, Curtin v Community Health Plan,* 276 AD2d 884, 886). Here, plaintiff offered only conclusory allegations to support his claims and demonstrate their proposed merit. Specifically, with respect to his newly raised argument that the May 1992 handwritten note constituted a warranty of future performance, plaintiff relies exclusively on UCC article 2, which pertains to the sale of goods, rather than the provision of services at issue here (*see,* UCC 2-102). Plaintiff's contention that the handwritten note rises to the level of a contractual obligation to perform all repairs in perpetuity is also deficient. The language at issue lacks any definite terms, including the most fundamental element of a contract, a promise "to do, or not to do, a particular thing" (*Martin Delicatessen v Schumacher,* 52 NY2d 105, 109; *see, Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.,* 93 NY2d 584; *F & K Supply v Willowbrook Dev. Co.,* 288 AD2d 713). Finally, plaintiff's claim that the note was written with the fraudulent intent to keep plaintiff from discovering defendant's defective workmanship is purely speculative and unsupported in this record. Accordingly, we find no reason to disturb the denial of plaintiff's cross motion to amend the complaint.

Next, we turn to Supreme Court's grant of defendant's motion for summary judgment dismissing the original complaint. Assuming arguendo, plaintiff's breach of contract and negligence causes of action are not barred by the applicable statute of limitations (*see,* CPLR 213, 214), the fact remains that plaintiff presented no admissible proof that would support or raise a question of fact as to the conclusory and speculative allegations of defective installation contained in the complaint (*see,* CPLR 3212 [b]). Accordingly, summary judgment was properly granted (*see, Zuckerman v City of New York,* 49 NY2d 557).

Plaintiff's remaining arguments, including his challenge to the imposition of motion costs by Supreme Court, have been examined and found to be unpersuasive. As a final matter, we have examined defendant's request for sanctions against plaintiff (*see, De Ruzzio v De Ruzzio,* 287 AD2d 896) and do not find such an award to be appropriate.

Peters, Rose and Lahtinen, JJ., concur; Cardona, P.J., not taking part. Ordered that the orders are affirmed, with costs.