■ LELAND G. JACKSON et al., Plaintiffs, v DOW CHEMICAL COMPANY, INC., et al., Defendants, and ORKIN EXTERMINATING COMPANY, INC., Respondent, and NUTMEG TECHNOLOGIES, INC., Appellant. [743 NYS2d 900] —Spain, J. Appeal from that part of an order of the Supreme Court (Cannizzaro, J.), entered July 19, 2001 in Albany County, which denied a motion by defendant Nutmeg Technologies, Inc. to further amend its answer and add cross claims against codefendants.

Plaintiffs, approximately 80 state employees, commenced two separate actions in 1992 and 1993 against several defendants, including Orkin Exterminating Company, Inc. and Nutmeg Technologies, Inc., alleging that exposure to various chemicals within the buildings in which they worked caused them to suffer injuries and illnesses. Nutmeg served an answer to each of the complaints. In 1994, the two actions were consolidated, and plaintiffs served an amended complaint to which Nutmeg served an amended answer.

In March 2001, Nutmeg moved for leave to serve a second amended answer, seeking to add cross claims against its codefendants for contribution and/or indemnification. Nutmeg argued that its motion should be granted because Orkin and other defendants had secretly engaged in settlement negotiations with plaintiffs in violation of a 1993 stipulation in which all defendants had agreed to discontinue cross claims against each other. In support of its motion, Nutmeg submitted, inter alia, an attorney's affidavit from an attorney who did not represent Nutmeg at the time of the 1993 stipulation and a copy of the stipulation. Supreme Court denied the motion on the grounds that (1) Nutmeg filed this motion without first making application for an order to show cause to bring on the proposed motion, as required by a March 1995 order and, in any event, (2) Nutmeg's submissions failed to establish a sufficient showing of merit regarding its proposed cross claims. Nutmeg appeals, and we affirm.

Supreme Court's denial of Nutmeg's motion has ample support in the record as the motion was clearly a violation of the March 1995 order. Nutmeg does not dispute that the previous order—which is not included in the record on appeal but is paraphrased in Supreme Court's decision and order—restricts motion practice by requiring that "further motions other than discovery motions could be made only upon application to the Court for the issuance of an order to show cause." Each of the many parties to this action were bound by this case management order and, thus, we cannot conclude that Supreme Court abused its broad discretion in enforcing the order and denying Nutmeg's motion.

Additionally, were we to address the motion, the result would be the same. Although leave to amend pleadings is generally freely given (*see*, CPLR 3025 [b]), the proposed amendment must demonstrate some merit (*see*, *Curtin v Community Health Plan*, 276 AD2d 884, 886; *see also*, *Ferran v Williams*, 281 AD2d 819, 820-821, *lv dismissed* 97 NY2d 653; *Mathiesen v Mead*, 168 AD2d 736, 736-737). A court's discretionary decision of whether to grant leave will not be set aside absent a showing of abuse (*see*, *Ferran v Williams*, *supra* at 821; *Curtin v Community Health Plan*, *supra* at 886). At this juncture of the action, Nutmeg failed to provide the requisite evidentiary support for its cross claims of indemnification and contribution. Initially, the attorney who submitted the affidavit in support of the motion clearly lacked personal knowledge of the circumstances surrounding the 1993 stipulation. Moreover, the contentions raised in the attorney's affidavit—that Nutmeg's codefendants either sprayed chemicals within the building complex or manufactured the chemicals which were used at the site—do not support the merits of Nutmeg's proposed claims for contribution or indemnification. On the record before us, Nutmeg's submissions fail to include evidence pointing to any negligence committed by the codefendants which would support its cross claim for contribution, and they also fail to demonstrate the requisite express or implied contractual relationship between itself and any codefendant for bringing a claim for indemnification (*see*, *McDermott v City of New York*, 50 NY2d 211, 219; *see also*, *Rosado v Proctor & Schwartz*, 66 NY2d 21, 23-25).

Notably, Nutmeg now asserts—for the first time in its brief on appeal—that it possesses expert evidence "indicating that the application of the particular pesticides used and manufactured by [codefendants] is causally related to the injuries claimed by the plaintiff, as well as the fact that certain injuries

claimed by the plaintiffs are not causally connected to exposure to Nutmeg's product." Because our review is necessarily limited to matters contained in the record on appeal, new facts and arguments such as these expert affidavits, which are outside of the record and were not introduced before Supreme Court, will not be considered (*see*, *Ughetta v Barile*, 210 AD2d 562, 564, *lv denied* 85 NY2d 805; *Broida v Bancroft*, 103 AD2d 88, 93).

Finally, Nutmeg's assertion, through its attorney's affidavit, that the 1993 stipulation prohibited it and its codefendants from secretly entering into settlement negotiations with plaintiffs is not supported by any credible evidence in the record. A plain reading of the stipulation reveals that defendants merely agreed in 1993 to discontinue, without prejudice, then-existing cross claims against one another. Nutmeg's interpretation of the stipulation as demonstrating a contractual relationship between itself and the codefendants so as to support a cross claim for indemnification is unsupportable.

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.