■ In the Matter of AZRIEL RECKESS et al., Respondents, v NEW YORK STATE COMMISSION ON QUALITY OF CARE FOR THE MENTALLY DISABLED, Appellant. [794 NYS2d 464]—

Peters, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered September 26, 2003 in Schenectady County, which granted petitioners' application to quash subpoenas duces tecum issued by respondent.

Petitioners own and operate five adult homes. Through a series of transactions, ownership of the homes was transferred to five separately incorporated realty holding companies, each of which were owned by petitioners. The properties were then leased back to the adult homes and, between 1999 and 2001, were refinanced by petitioners through their realty holding companies. As a result of the refinancing, the debt on four of these properties increased by over $10 million, causing an exponential increase in the rent charged to each of these adult homes.

Respondent discovered these rent increases when it commenced its review of these and other adult homes in which 25% or more of its residents either have or are receiving mental health services from an outside provider (*see* Mental Hygiene Law § 45.10 [a]). Upon learning of the rent increases, respondent requested access to each facility's mortgage and closing documents. Petitioners refused, contending that respondent did not possess the requisite authority to compel disclosure of financial documents held by the independent, separately incorporated, realty holding companies. When respondent issued separate subpoenas to each petitioner for these documents, this proceeding was commenced to quash them. Supreme Court granted petitioners' request and respondent appeals.

As aptly framed by Supreme Court, the issue here "distills to . . . whether respondent has the authority to compel the production of documents held by petitioners in their capacity as officers of the realty holding companies that own the land occupied and leased by the subject adult homes . . . and, if so, whether the issuance [of the subpoenas] was adequately justified." Upon our review of the relevant statutory authority, we agree with Supreme Court that the subpoenas reach beyond the scope of respondent's authority; the subpoenaed documents were executed by petitioners in their capacity as officers of the realty holding companies and the information sought related to their private finances.

Respondent's power to issue subpoenas is derived from the specific statutory grant of authority detailed in Mental Hygiene Law §§ 45.09 and 45.10; its power is only as broad as that authorized by the Legislature (*see Matter of Irwin v Board of Regents of Univ. of State of N.Y.*, 27 NY2d 292, 296-297 [1970]; *Matter of Whalen v John P.*, 72 AD2d 961, 962 [1979]). Respondent has the power to issue and enforce subpoenas in the "exercise of its functions, powers and duties" (Mental Hygiene Law § 45.09 [c]), which would include, as here

relevant, the examination of the "programmatic and financial operations" of these adult homes (Mental Hygiene Law § 45.10 [a] [2]). There is no authority permitting respondent to subpoena the financial records of third parties who lease the land and buildings to the adult homes. The fact that petitioners own both the individual holding companies and the adult homes will not expand this authority (*see* Mental Hygiene Law § 45.10 [a]).

With respect to the remaining contentions raised by respondent, they are either unpreserved for our review (*see Matter of Harrison v Selsky*, 2 AD3d 1232, 1232 [2003]) or are matters which are dehors the record (*see Jackson v Dow Chem. Co.*, 295 AD2d 855, 857 [2002]).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.