■ CHRISTOPHER DEHN, Appellant, v MARTIN KAPLAN et al., Respondents.—In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated March 5, 1986, which, upon granting the defendant's motion in limine to exclude the admission of certain evidence and dismissing the plaintiff's complaint, is in favor of the defendants.

Ordered that the judgment is affirmed, with costs.

The plaintiff was born with a congenital heart defect allegedly caused by the drug Tridione, which his mother, Judith Dehn, had taken since childhood. The plaintiff commenced an action to recover damages for medical malpractice, alleging that the defendants (who had not prescribed the drug) should have advised Mrs. Dehn to discontinue the use of the drug during pregnancy. After commencing suit, the plaintiff's attorneys discovered that any damage to the plaintiff's heart would have occurred in the very early stages of pregnancy, prior to the date of Mrs. Dehn's initial visit with the defendants. The plaintiff's bill of particulars was, therefore, amended to state that the cause of action had accrued when the plaintiff's mother originally called the defendants in August 1970 for an appointment. During that telephone conversation, Mrs. Dehn allegedly informed "an unknown person" who answered the telephone that she was taking Tridione. Mrs. Dehn was given an appointment for approximately one month later, in September. Prior to her September office visit, Mrs. Dehn had no previous medical contacts with the defendants.

The defendants brought a motion *in limine* to exclude the admission of testimony at the trial relating to the August telephone conversation. After hearing oral argument, the court granted the defendants' motion on the ground that the plaintiff could not establish the identity of the person with whom Mrs. Dehn had spoken and that the person was acting as an agent for the defendants, and that the plaintiff could not demonstrate that a physician-patient relationship existed at the time of that conversation. Under the circumstances of this case, the court's action was proper. The subsequent dismissal of the complaint after the plaintiff's attorney conceded that without such testimony the plaintiff had no case, was also proper. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.