■ John Koelbl et al., Respondents, v Jack D. Harvey et al., Doing Business as Harvey and Harvey, Mumford & Kingsley, Appellants.—Mercure, J. Appeals from two orders of the Supreme Court (Best, J.), entered November 9, 1990 and November 30, 1990 in Montgomery County, which, *inter alia,* denied defendants' motion for an order of preclusion.

Plaintiffs commenced this action *pro se* in April 1988. In August 1988, defendants served a demand for a bill of particulars upon plaintiffs. In September 1990 defendants moved for an order of absolute preclusion, alleging plaintiffs' failure to respond to the demand, to serve a bill of particulars, or to move to vacate or modify the demand. Plaintiffs then retained an attorney and served a bill of particulars and affidavits in opposition to defendants' motion. Supreme Court denied the motion and defendants now appeal.

We affirm. There is no question that defendants failed to fulfill the requirement of 22 NYCRR 202.7 (a) (2) that, with respect to a motion relating to a bill of particulars, "no motion shall be filed with the court unless there ha[s] been served and filed with the motion papers * * * an affirmation that counsel has conferred with * * * the opposing party in a good faith effort to resolve the issues raised by the motion". Accordingly, Supreme Court was justified in summarily denying defendants' motion *(see, Eaton v Chahal,* 146 Misc 2d 977, 983). Contrary to the position taken by defendants that it was not their obligation to make a further request for a bill of particulars or to serve "reminders" upon plaintiffs, they were required to communicate with plaintiffs in a good-faith effort to obtain the requested particulars without filing a motion with Supreme Court *(see, supra,* at 982). We also reject the contention that plaintiffs did not preserve this issue for our review by first raising it in Supreme Court. In opposition to defendants' motion, plaintiffs specifically alleged defendants' failure to communicate with them concerning their failure to serve a bill of particulars, a fact not disputed by defendants. Under the circumstances, and in view of the fact that plaintiffs have now served a bill of particulars, we need not consider the merits of defendants' motion.

Mahoney, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with costs.