◼ DAVID E. GRIGGS, as Administrator of the Estate of LORRAINE GRIGGS, Deceased, Appellant, v CHILDREN'S HOSPITAL OF BUFFALO, INC., Respondent. [599 NYS2d 197] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion *in limine* to preclude the admission at trial of certain testimony from a witness regarding a telephone conversation that plaintiff al-

leges occurred between plaintiff's decedent and an unidentified person at the Children's Hospital of Buffalo, Inc. (the Hospital) two days before decedent's death. The witness testified at her examination before trial that, two days before decedent's death, decedent, who had undergone surgery at the Hospital approximately two weeks earlier, telephoned her and complained of leg cramps and shortness of breath. The witness advised decedent to call the Hospital; decedent agreed to make the call. The witness also telephoned the emergency room at the Hospital regarding decedent and was told by an unknown person that he was on the other telephone line with decedent at that time. Shortly thereafter, decedent called the witness again and said that a "doctor" at the Hospital told her that it was unnecessary for her to come in but to keep her legs elevated and blow into a "blower", a device that the Hospital had previously supplied to decedent. Two days later decedent died as a result of a pulmonary embolism. Plaintiff, decedent's husband, commenced this medical malpractice action alleging negligent diagnosis and treatment.

The proposed testimony is not admissible at trial because it constitutes double hearsay. The witness was not a party to the alleged telephone conversation between decedent and an unknown person at the Hospital. Thus, she could not be cross-examined either about the exact words that decedent heard or the context in which those words were spoken. Additionally, the alleged telephone conversation could not be verified (see, People v Chambers, 125 AD2d 88, 95, appeal dismissed 70 NY2d 694). Moreover, the witness's testimony would be inadmissible because the identity of the person at the Hospital to whom decedent allegedly spoke was never established (see, Dehn v Kaplan, 131 AD2d 535, 536).

Contrary to plaintiff's contentions, decedent's alleged conversation is not admissible under any exception to the hearsay rule. It is not a spontaneous declaration (see, People v Edwards, 47 NY2d 493, 496-497; People v Caviness, 38 NY2d 227, 231-232), not part of the res gestae (see, People v Marks, 6 NY2d 67, 71, cert denied 362 US 912), nor is it a "present sense impression" exception to the hearsay rule enunciated in People v Brown (80 NY2d 729).

We have considered plaintiff's remaining contention and find it to be without merit. (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Preclude Evidence.) Present —Denman, P. J., Green, Balio, Fallon and Davis, JJ.