■ JOHN T. PERCY AND ASSOCIATES, Respondent, v JOSEPH W. COLLURA, Appellant. [656 NYS2d 575] —Carpinello, J. Appeal from an order of the Supreme Court (Keegan, J.), entered February 15, 1996 in Albany County, which, *inter alia*, granted plaintiff's motion for partial summary judgment.

Defendant entered into a contract with Roxbury Central School District for the design of certain alterations and additions to be made to various school buildings as part of a large construction project. Defendant subcontracted with plaintiff to assist in performing this work. Prior to the completion of construction, the School District terminated defendant's services. Although defendant had paid plaintiff $14,543.81, plaintiff commenced this action seeking to recover the sum of

$54,687.50. Following joinder of issue, plaintiff moved for summary judgment on its cause of action for an account stated. Defendant, in turn, cross-moved for a default judgment on his counterclaim. Supreme Court, *inter alia,* granted plaintiff's motion and this appeal by defendant ensued.*

Defendant argues, *inter alia,* that plaintiff cannot prevail upon its cause of action for an account stated based upon hourly invoices submitted because the parties' contract specifically provides that plaintiff's compensation is to be measured by a fixed percentage of certain construction costs. In particular, defendant relies upon the provision of the contract which states that plaintiff shall be entitled to receive a "Professional Percentage Fee based on Three and Nine Tenths of a Percent (3.90%) of construction cost of reinforced concrete * * * and of structural metals". The applicability of this provision, however, is contingent upon "[t]he continuous progress of the work until the completion of the Construction", an eventuality which did not occur.

Moreover, the contract states that plaintiff shall provide defendant monthly invoices for "services performed and for reimbursable expenses during the previous month" and that "[c]ompensation for Professional Services shall be computed as follows: Principal's time at the fixed rate of $65.00/hour and employee's time computed at a multiple of 2.65 times the employee's actual salary." It is apparent from reading the contract as a whole that plaintiff was entitled to a flat fee if the project was completed; if not, it was to be compensated for professional services as billed monthly. Significantly, plaintiff's cause of action for an account stated is based solely upon invoices billed monthly for professional services rendered between October 1990 and January 1991. Furthermore, it appears that defendant failed to object to the cost of these services within a reasonable time after receiving the invoices. Therefore, we find that plaintiff's motion for partial summary judgment on the cause of action for an account stated was properly granted and decline to address defendant's remaining contentions (*see, Werner v Nelkin,* 206 AD2d 422, 423; *Marino v Watkins,* 112 AD2d 511, 512-513).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Supreme Court also denied defendant's subsequent motion to reargue its opposition to plaintiff's motion for summary judgment, but defendant has not appealed from that order.