**■** ROBERT HALF INTERNATIONAL, INC., Appellant, v RE-TRACK USA INCORPORATED, Respondent. [689 NYS2d 513] —In an action to recover damages for breach of contract and for an account stated, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered September 1, 1998, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on its cause of action based on an account stated and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment in the plaintiff's favor on that cause of action.

The Supreme Court properly determined, inferentially, that the "Conditions of Assignment" set forth on the time sheets signed by the defendant did not estop the defendant from claiming an oral modification of the hourly billing rate for the temporary worker provided to the defendant by the plaintiff, as the Conditions of Assignment specifically permitted an oral modification of the hourly billing rate (*see, MHA, Inc. v Consulting for Architects,* 244 AD2d 169, 170; *cf., Half Intl. v Jack Valentine, Inc.,* 157 Misc 2d 318).

Nonetheless, the defendant's opposing affidavit was insufficient to raise any triable issue of fact on the plaintiff's cause of action based on an account stated, as it failed to set forth evidentiary details such as when, where, or by whom the alleged oral modification was made, or the substance of that conversation and the alleged modified hourly rate (*see, Dehn v Kaplan,* 131 AD2d 535, 536; *Apache-Beals Corp. v International Adjusters,* 59 AD2d 1032, 1033, *affd* 46 NY2d 888). As a result, the plaintiff was entitled to summary judgment on its cause of action based on an account stated (*see, Epstein v Turecamo,* 258 AD2d 502; *Sullivan v REJ Corp.,* 255 AD2d 308; *Percy & Assocs. v Collura,* 239 AD2d 650). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.