■ WIT'S END GIFTIQUE, INC., Respondent, v PATRICIA IANIELLO, Appellant. [716 NYS2d 123] —Peters, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered September 30, 1999 in Saratoga County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Susan Hoffman is the president of plaintiff, a corporation operating a retail gift store in the Town of Clifton Park, Saratoga County. Undisputed testimony reveals that defendant has been a customer of plaintiff for more than 20 years and that at least as early as September 1994, their course of dealing permitted defendant to take items home on a trial basis. A store invoice detailed the items taken, and defendant's open store account would not be charged until she indicated a desire to purchase them. Frequent payments were made to reduce the outstanding balance on such account using cash, credit cards or checks. Defendant never objected to the cost of the merchandise and admitted to having received periodic invoices indicating the outstanding balance.

In early 1995, a number of the credit card charges made by

defendant were rejected by the credit card companies. Accordingly, substantial debt mounted since amounts previously credited by plaintiff became an outstanding charge to defendant's store account. The invoice dated April 6, 1996 set forth an outstanding balance of $59,531.33. Between April 6, 1996 and November 15, 1997, defendant made 11 payments on her account, yet statements thereafter sent were ignored.

This action was commenced in July 1998 alleging an account stated in the then-outstanding amount of $38,400 plus interest. The verified complaint included copies of invoices between April 1996 and November 1997 and further included copies of payments made by defendant to plaintiff in the form of checks and credit card charges. By the first amended verified answer submitted two weeks after the original answer, defendant raised two affirmative defenses alleging that the transactions were fraudulent and that they lacked consideration.

Plaintiff moved in October 1998 for summary judgment and for the dismissal of these defenses. Defendant responded with an order to show cause seeking a stay of all motions and permission to submit a second amended verified answer. She further brought a motion to compel compliance with her demand for a bill of particulars, specifically noting that itemized invoices were necessary for her to prepare a reasonable defense. After oral argument, Supreme Court permitted the filing of a second amended verified answer, ordered plaintiff to comply with defendant's demand for a bill of particulars and denied the motion for summary judgment without reviewing the merits. Notably, the second amended verified answer raised, for the first time, the contention that defendant had orally objected, in late 1995 or early 1996, to the format of the bills and the lack of information contained therein. Thus, while defendant admits to having made payments throughout 1996, she contended that the reason she ceased was because she could no longer determine the amount owed.

In response to discovery, plaintiff forwarded copies of the originally issued invoices. These invoices itemized each item purchased, including its price and the total amount owed as a result thereof. Plaintiff now proffered a second motion for summary judgment which again detailed the aggregate amounts owed, the computation of the outstanding balance alleged in the complaint and sought a judgment based upon an account stated. Following oral argument, Supreme Court adjourned the matter to allow defendant to depose Hoffman. After such deposition, the opposition to the motion consisted of an affidavit of defendant's counsel. Supreme Court granted the motion,

concluding that defendant's self-serving objections were insufficient to raise a triable issue of fact on the account stated cause of action. Defendant appeals.

Preliminarily, we reject any contention of error in Supreme Court's consideration of plaintiff's second summary judgment motion since the first was denied without reaching the merits and for the further purpose of allowing for the filing of a second amended verified answer and additional discovery (see, Baker v Vanderbilt Co., 260 AD2d 750). Turning to the merits of the motion, it is well settled that: "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due * * * The agreement may be express or, as here, implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances" (Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868, 869, lv denied 82 NY2d 660 [citations omitted]). In our view, plaintiff satisfied its prima facie burden by alleging, through Hoffman, that it furnished the annexed itemized invoices to defendant at the time of purchase with numerous invoices thereafter detailing the balance due. It further detailed and proved, through the submission of documentary evidence, that defendant made partial payments against her outstanding account and that upon her failure to continue with payments, the instant action was commenced. With the burden now upon defendant to raise a triable issue (see, Zuckerman v City of New York, 49 NY2d 557), the belated self-serving claims of oral objection to the lack of specificity in the invoices will not, without more, suffice on this cause of action based upon an account stated. Clearly, the parties continued course of dealing and defendant's purchases and payments throughout the relevant period (see, Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp., 228 AD2d 294; Shea & Gould v Burr, 194 AD2d 369; Rosenman Colin Freund Lewis & Cohen v Edelman, 160 AD2d 626, lv denied 77 NY2d 802; cf., Sandvoss v Dunkelberger, 112 AD2d 278) belie her claims. We further reject any contention that the account claimed was the result of double billing, mistake or fraud for lack of evidentiary proof.

For these reasons we affirm.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, with costs.