■ GEORGE C. BOYD et al., Appellants, v J. HALL, LTD., Respondent, et al., Defendant. [763 NYS2d 149] —Spain, J. Appeal from an order of the Supreme Court (Keegan, J.), entered October 10, 2002 in Albany County, which granted a motion by defendant J. Hall, Ltd. for summary judgment dismissing the complaint against it.

In December 1999, plaintiff George C. Boyd (hereinafter plaintiff) was injured while repairing a broken conveyor belt for his employer, Blue Circle Cement, at its cement manufacturing facility in the Village of Ravena, Albany County. On the date of the incident, defendant J. Hall, Ltd. (hereinafter defendant), pursuant to a 1997 services agreement and a 1998 purchase order with Blue Circle, supplied workers at hourly rates to perform labor-related services at the facility, including

"clean up" work in "secondary areas" where rocks were crushed into smaller rocks. Specifically, defendant's laborers were directed to clear crushed rocks from the top and bottom of the broken conveyor belt, which was located within a secondary area. At some point during the removal process, the laborers were ordered to vacate the secondary area so that the Blue Circle crew, including plaintiff, could attempt to pull the split conveyor belt back together with a complicated pulley and cable system. However, since the belt was entangled with a chain link drag system located underneath the belt unit, a small choker cable broke, causing a metal pulley to propel into plaintiff.

Seeking damages, plaintiff and his wife, derivatively, commenced this action against defendant, asserting Labor Law § 200 and negligence causes of action. Plaintiffs claim that defendant's laborers failed to properly clear the top and bottom of the conveyor belt and that, had they done so, they would have noticed that the belt was snagged on the drag system and reported that information to the Blue Circle employees. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, asserting that it did not owe a legal duty to plaintiff and that its employees' actions, or alleged failure to act, were not the proximate cause of the accident. In granting the motion, Supreme Court concluded that the 1997 services agreement between defendant and Blue Circle was insufficient to create a legal duty running from defendant to plaintiff and that, even assuming a legal duty did exist, defendant's employees did not proximately cause the accident. Plaintiffs appeal and we affirm.

Prefatorily, we note that plaintiffs failed to proffer any expert testimony that plaintiff had suffered a memory loss as a result of the accident. Accordingly, we reject their contention that he should have been held to a lesser degree of proof (*see Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 334-335 [1986]; *Noseworthy v City of New York*, 298 NY 76, 80 [1948]).

"A defendant stands liable in negligence only for breach of a duty of care owed to the plaintiff" (*Sanchez v State of New York*, 99 NY2d 247, 252 [2002] [citation omitted]; *see Rothberg v Reichelt*, 270 AD2d 760, 762 [2000]). The existence and scope of that legal duty is, in the first instance, an issue to be resolved by the courts as a matter of law (*see Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997]; *Washington v Albany Hous. Auth.*, 297 AD2d 426, 426-427 [2002]). As a general matter, a contractual obligation, standing alone, will not give rise to tort liability in favor of a noncontracting party (*see Espinal v Melville Snow*

*Contrs.*, 98 NY2d 136, 138 [2002]). The Court of Appeals has recognized three situations, however, where a contracting party may be deemed to have assumed a duty of care to third persons, including where the performance of the contractual obligations of the contracting party has induced the plaintiff to detrimentally rely on the contracting party's continued performance (*see Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]; *Espinal v Melville Snow Contrs., supra* at 140; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]). Here, plaintiffs contend that defendant owed plaintiff a legal duty by virtue of his detrimental reliance on the past conduct of defendant's employees, which allegedly included inspecting broken conveyor belts for snags and catches.

The record belies plaintiffs' claim. During his deposition, plaintiff admitted that he did not speak to defendant's employees and did not know the scope of their job duties. Moreover, the purchase order unequivocally states that defendant's employees were obligated "to clean up at secondary areas" as directed by Blue Circle representatives, not to examine or assist in the repair of broken conveyor belts. Finally, the record is devoid of any evidence that defendant's employees, during prior belt repairs, had ever checked or been instructed to check for snags in the conveyor belt. Accordingly, we conclude that there is no factual basis upon which to conclude that plaintiff reasonably relied to his detriment on the past conduct of defendant's employees (*cf. Lincoln v Landvest, Inc.*, 202 AD2d 933 [1994]).

Nor was plaintiff owed a duty as an intended beneficiary of the 1997 services agreement between defendant and Blue Circle. To succeed on such a theory, plaintiff needed to establish " '(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost' " (*State of Cal. Pub. Empls. Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434-435 [2000], quoting *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]; *see Binghamton Masonic Temple v City of Binghamton*, 213 AD2d 742, 745 [1995], *lv denied* 85 NY2d 811 [1995]). The services agreement between Blue Circle and defendant does not specifically identify plaintiff as an intended beneficiary, nor does it imply that any third party has the power to enforce its provisions (*cf. Rotterdam Sq. v Sear-Brown Assoc.*, 246 AD2d 871, 872 [1998]). Further, any arguable benefit that plaintiff

may have received under the services agreement was clearly incidental, particularly from the perspective of repairing the conveyor belt.

Given our conclusion that defendant owed no legal duty to plaintiff, plaintiffs' remaining contention need not be addressed.

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.