Egan Jr., J.
Appeal from an order of the Supreme Court (Muller, J.), entered September 26, 2013 in Essex County, which, among other things, denied plaintiffs motion for summary judgment.
Plaintiff is a family-owned business located in the Town of Wilmington, Essex County that sells, distributes and manufactures building supplies for use in the construction industry. In late October 2010, plaintiff was contacted by a representative of defendant Bette & Cring, LLC (hereinafter B & C) to arrange for the purchase of building materials for use in a local housing development. As was its custom, plaintiff provided B & C with a business credit application and guarantee outlining the terms *1181 and conditions under which it would extend credit for the purchase of materials and supplies. The credit application and personal guarantee were executed on behalf of B & C by defendant Peter Bette in November 2010, and B & C thereafter began purchasing materials from plaintiff.
Over the course of the next several months, plaintiff provided B & C with various building materials and, in conjunction therewith, generated invoices and monthly billing statements itemizing the charges to B & C’s account and any payments tendered with respect thereto. After B & C allegedly failed to pay certain invoices generated between April 2011 and June 2011, plaintiff commenced this action against defendants seeking to recover the outstanding balance due ($12,196.91), together with the finance charges, counsel fees and related costs provided for in the credit application and personal guarantee. Following joinder of issue, plaintiff moved for summary judgment, and defendants cross-moved for similar relief. Supreme Court denied the respective motions, prompting this appeal by plaintiff.
Plaintiff’s first cause of action — asserted against B & C — is for an account stated, which “is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due” (Roe v Roe, 117 AD3d 1217, 1219 [2014] [internal quotation marks and citations omitted]; accord Levine v Harriton & Furrer, LLP, 92 AD3d 1176, 1178 [2012]). In this regard, “[a]n account stated may be implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances. When no timely objection is raised after an account is presented, silence is deemed acquiescence and warrants enforcement of the implied agreement to pay” (Levine v Harriton & Furrer, LLP, 92 AD3d at 1178 [internal quotation marks and citations omitted]; see Chisholm-Ryder Co. v Sommer & Sommer, 70 AD2d 429, 431 [1979]; cf. Antokol & Coffin v Myers, 86 AD3d 876, 877 [2011]).
Here, in support of its motion for summary judgment, plaintiff submitted, among other things, copies of the relevant invoices and billing statements detailing the unpaid balance due and owing ($12,196.91), as well as the affidavit of its president, Samuel Haselton. After explaining the manner in which bills were tendered to B & C and any corresponding remittances were credited to B & C’s account, Haselton averred that, between May 1, 2011 and July 1, 2011, plaintiff issued billing statements itemizing the various invoices generated in connection with B & C’s purchase of materials. Although those billing statements reflect that B & C paid certain of the invoices in whole or in *1182 part, Haselton averred that, as of February 28, 2013, B & C had failed to tender any payment with respect to 17 outstanding invoices totaling $12,196.91 — exclusive of the applicable finance charges. Haselton further averred that B & C never objected to the imposition of the accrued finance charges and, although defendants now argue that plaintiff failed to properly credit certain payments made, defendants do not dispute that the invoices were received; more to the point, nothing in the record suggests that defendants objected to the actual billing statements or contested the balance due until after plaintiff commenced this action. Notably, neither partial payment nor a subsequent offer to settle — unaccompanied by a specific complaint regarding the propriety of the sum due — is sufficient to constitute an objection to the payment of the account rendered (see Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868, 870 [1993], lv denied 82 NY2d 660 [1993]). Accordingly, we are satisfied that plaintiff discharged its initial burden of demonstrating its entitlement to summary judgment based upon an account stated.
In opposition, defendants contend that B & C was not properly credited for certain payments made. A review of the relevant billing statements, however, reveals that the payment at issue ($11,882.36) is reflected on the March 31, 2011 billing statement issued to B & C as credits in the amount of $11,420.51 (invoice No. 16732), $122.71 (invoice No. 16657), $39.22 (invoice No. 16755) and $299.92 (invoice No. 16779) and, further, that none of these invoices appear on the final billing statement or otherwise are included in the sum now claimed to be due and owing ($12,196.91). To the extent that defendants argue that counsel for plaintiff conceded that payment in the amount of $11,882.36 was made in December 2011, thereby reducing the sum due to $314.25,[1] it is clear from a review of counsel’s letter and his subsequent reply affidavit, as well as the relevant billing statements, invoices and bank deposit slip, that counsel’s letter contained a typographical error in this regard. As defendants have otherwise tendered insufficient admissible proof to raise a question of fact as to the sum due, we find that plaintiff is entitled summary judgment upon its first cause of action for an account stated.[2]
We reach a similar conclusion with respect to plaintiffs second *1183 cause of action against Bette based upon his execution of the business credit application and personal guarantee. Defendants do not dispute that Bette executed the subject agreements, which specifically incorporated and set forth the terms of sale, including when payment was due relative to the billing statements issued and plaintiffs right to assess finance charges when payment was not rendered in a timely fashion. As defendants failed to raise a valid defense to the enforcement of the personal guarantee, plaintiffs motion for summary judgment as to this cause of action also is granted.
As for the issue of counsel fees and litigation costs, inasmuch as the business credit application and personal guarantee executed by Bette on behalf of B & C expressly provided for an award of reasonable counsel fees, together with other litigation and collection costs, we are satisfied that plaintiff has demonstrated its entitlement to such an award (see A&M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1290 [2014]). Although our discretionary authority to award counsel fees is as broad as that of the trial court (see Shrauger v Shrauger, 146 AD2d 955, 956 [1989], appeal dismissed 74 NY2d 844 [1989]), fixing the amount of the award generally is a matter “committed to the sound discretion of the trial court upon due consideration of various factors, including but not limited to the time commitment involved, the relative difficulty of the matter, the nature of the services provided, counsel’s experience and the results obtained” (Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1287 [2007] [internal quotation marks and citation omitted]; accord Webster v Ragona, 51 AD3d 1128, 1130-1131 [2008]; see Matter of Quill v Cathedral Corp., 241 AD2d 593, 594 [1997], lv denied 90 NY2d 812 [1997]). Here, despite the fact that counsel for plaintiff submitted an affidavit and detailed billing records, we deem it appropriate to remit this matter to Supreme Court for the fashioning of an appropriate award — particularly in view of the amount of the award sought, its proportional relationship to the overall damages claimed and the fact that plaintiff is seeking to supplement the amount of the award based upon additional services rendered.
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiffs motion for summary judgment; motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. Defendants presumably mean $314.55 (representing the difference between $12,196.91 and $11,882.36).

. To the extent that appellate counsel characterized plaintiffs claim as a “hybrid” account stated/breach of contract claim, we note that we would reach the same conclusion under either analysis.'