*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 2, 2016                    521975
_____

CHIANIS & ANDERSON ARCHITECTS,
    PLLC,
                    Respondent,
        v                                   MEMORANDUM AND ORDER

COURTERBACK DEVELOPMENT
    COMPANY, LLC, et al.,
                    Appellants.
_____


Calendar Date:   April 21, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

                    _____


        Hinman, Howard & Kattell LLP, Binghamton (Daniel R.  Norton
of counsel), for appellants.

        Levene Gouldin & Thompson, LLP, Binghamton (Michael R.
Wright of counsel), for respondent.


                    _____


Devine, J.

        Appeals (1) from an order of the Supreme Court (Tait, J.),
entered July 1, 2015 in Broome County, which, among other things,
granted plaintiff's motion for summary judgment, and (2) from the
judgment entered thereon.

        Plaintiff, an architectural and interior design firm, was
orally retained to perform services involving the residence of
defendant Raymond Stanton III in 2008.  Stanton is a principal
and member of defendant Courterback Development Company, LLC, and
he directed plaintiff to submit its invoices to Courterback for
payment.  Plaintiff did so and, while Courterback paid a number
of invoices in full, it failed to make payment on invoices

submitted in December 2008 and February 2009.

Courterback also became involved in the development of a manufacturing facility in conjunction with Impress USA, Inc., a role that was later filled by defendant R2 Development Company, LLC. Pursuant to an oral agreement that was later confirmed in writing, Courterback and R2 retained plaintiff to perform architectural and engineering work on the project. Plaintiff submitted invoices for its work to Courterback, which failed to make full payment on several submitted in March 2009. Impress terminated the involvement of Courterback and R2 in the project shortly before those invoices were submitted, a state of affairs that culminated in Courterback and R2 bringing suit against Impress in 2011.

Plaintiff thereafter commenced this action for, among other things, account stated to recover moneys allegedly owed by defendants on the Stanton and Impress projects. Following joinder of issue, plaintiff moved for summary judgment upon the account stated claims. Defendants opposed that request and cross-moved for a plethora of relief, including consolidation of this action with the 2011 action and leave to serve an amended answer with counterclaims stemming from plaintiff's allegedly improper business relations with Impress. Supreme Court granted plaintiff's motion and denied defendants' cross motion as moot. Defendants appeal from that order and the judgment entered thereon.

An account stated is "an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due," and "may be implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances" (Levine v Harriton & Furrer, LLP, 92 AD3d 1176, 1178 [2012] [internal quotation marks and citations omitted]; see Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d 1180, 1181 [2014]). If no timely objection is raised after the presentment of an account, the silence will deemed to be acquiescence and result in enforcement of the implied agreement to pay (see Levine v Harriton v Furrer, LLP, 92 AD3d at 1178).

Plaintiff failed to meet its initial burden of proof with regard to Stanton, as Stanton directed that Courterback be billed for the work on his residence and there was no showing that Stanton was personally liable for the sums sought in the invoices that followed (see e.g. Simplex Grinnell v Ultimate Realty, LLC, 38 AD3d 600, 600-601 [2007]; M. Paladino, Inc. v Lucchese & Son Contr. Corp., 247 AD2d 515, 516 [1998]). Supreme Court therefore should have denied that part of the motion seeking summary judgment against Stanton "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Plaintiff did meet its initial burden with regard to Courterback on both projects, and R2 on the Impress project. Plaintiff submitted proof that it was retained to work on both projects, that the relevant invoices were addressed to and received by Courterback and that Courterback neither paid the invoices nor objected to them (see Schlenker v Cascino, 124 AD3d 1152, 1153 [2015], lv denied 25 NY3d 904 [2015]; Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d at 1181-1182). Likewise, in light of a March 2009 agreement in which R2 acknowledged that it and Courterback had retained plaintiff to work on the Impress project and that both were "responsible for all applicable fees for the work performed [by plaintiff] to date" on that project, plaintiff met its initial burden with regard to R2. The burden, as such, shifted to Courterback and R2 to raise material questions of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Defendants responded with the affidavits of Courterback director Kerry O'Brien, who averred that Courterback was responsible for plaintiff's work on the Stanton project and that it promptly registered objections to the amount sought in the December 2008 invoice. O'Brien detailed those objections by stating that he had concerns about the quality of the work and the amount of work that the invoice claimed had been performed. A May 2009 email additionally refers to O'Brien's "problem" with the December 2008 invoice and corroborates that objections were indeed lodged against it. Moreover, while O'Brien did not specifically object to the February 2009 invoice, acquiescence to the account cannot be implied from that silence given his

plausible explanation "that [Courterback was] not going to pay any additional invoices" while the total amount owed was in dispute and that such should have been evident to plaintiff. In our view, the foregoing established the existence of material questions of fact with regard to the account stated claim against Courterback relating to the Stanton residence, and summary judgment on that claim should have been denied in its entirety (see Accent Collections, Inc. v Cappelli Enters., Inc., 94 AD3d 1026, 1026-1027 [2012]; Yannelli, Zevin & Civardi v Sakol, 298 AD2d 579, 580-581 [2002]; Epstein v Turecamo, 258 AD2d 502, 503 [1999]).

With regard to the Impress project, O'Brien stated that Impress was still using the work product generated by plaintiff after the relationship between Impress, Courterback and R2 soured, and that the 2011 action against Impress sought damages related to that allegedly improper use. He accordingly believed that plaintiff would wait for the outcome of the Impress litigation before seeking payment for its work, a belief that he claims led to his failure to inspect plaintiff's invoices for accuracy until this action was commenced in 2013. This evidence, while it gave context to the relationships between the various parties, did nothing to show that Courterback and R2 made a timely objection to the invoices. Supreme Court was accordingly right to award summary judgment to plaintiff with regard to the account stated claim against Courterback and R2 stemming from the Impress project (see Darby & Darby v VSI Intl., 95 NY2d 308, 315 [2000]; George S. May Intl. Co. v Thirsty Moose, Inc., 19 AD3d 721, 722 [2005]).

Turning to the issues advanced in defendants' cross motion, defendants sought to consolidate this action with the 2011 action against Impress. Inasmuch as the 2011 action seeks damages flowing from the souring of the relationship between Courterback, R2 and Impress, and bears no connection to the issues raised in this action regarding how much money plaintiff is owed for its earlier work, consolidation would be improper (see Weiss & Biheller, MDSE, Corp. v Preciosa USA, Inc., 127 AD3d 1176, 1176 [2015]; Five Riverside Dr. Towers Corp. v Chenango, Ltd., 111 AD2d 1025, 1026 [1985]). Defendants further failed to provide "some evidence of merit" to support their proposed counterclaims

and, as a result, leave to serve an amended answer containing them was correctly denied (Krouner v Travis, 290 AD2d 917, 919 [2002]; see Matter of Miller v Goord, 1 AD3d 647, 648 [2003]; Curtin v Community Health Plan, 276 AD2d 884, 886 [2000]).

McCarthy, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.

ORDERED that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment on the third cause of action against defendants Courterback Development Company, LLC and Raymond Stanton III; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court