Hubbell, Inc. v Lazy Swan Golf & Country Club LLC (2020 NY Slip Op 06182)





Hubbell, Inc. v Lazy Swan Golf & Country Club LLC


2020 NY Slip Op 06182


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

528962

[*1]Hubbell, Inc., Appellant,
v
Lazy Swan Golf & Country Club LLC, Also Known as Lazy Swan Golf & Country Club Village, LLC, et al., Respondents. (And Another Related Action.)

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Law Office of James M. Hartmann, Delhi (James M. Hartmann of counsel), for appellant.
Christopher P. Ragucci, Poughkeepsie, for respondents.



Mulvey, J.
Appeal from an order of the Supreme Court (Northrup Jr., J.), entered April 1, 2019 in Delaware County, which, among other things, denied plaintiff's motion for partial summary judgment.
In 2015, plaintiff commenced this action against defendant Lazy Swan Golf & Country Club LLC (hereinafter Lazy Swan) and one of its principals, defendant Anthony Bacchi, asserting causes of action sounding in breach of contract, quantum meruit, unjust enrichment and account stated. The complaint arose from an alleged 2009 oral agreement that plaintiff would expand a golf course owned by Lazy Swan from a 9-hole course to an 18-hole course and from defendants' failure to pay after plaintiff completed the work in 2011. Plaintiff moved for, among other things, summary judgment with respect to its account stated cause of action and for an order precluding defendants from introducing certain evidence at trial. Supreme Court, among other things, denied plaintiff's motion. This appeal ensued.[FN1]
Supreme Court properly denied the portion of plaintiff's motion seeking summary judgment on its account stated cause of action. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" and may be "implied from the retention of an account rendered for an unreasonable period of time without objection and from the surrounding circumstances" (Jim-Mar Corp. v Aquatic Constr., 195 AD2d 868, 869 [1993] [citations omitted], lv denied 82 NY2d 660 [1993]; see Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d 1180, 1182 [2014]; Whiteman, Osterman & Hanna, LLP v Oppitz, 105 AD3d 1162, 1163 [2013]). However, "acquiescence to the account cannot be implied from that silence" where "the total amount owed was in dispute and [the dispute] should have been evident to [the] plaintiff" (Chianis & Anderson Architects, PLLC v Courterback Dev. Co., LLC, 140 AD3d 1286, 1289 [2016], lv dismissed and denied 28 NY3d 1021 [2016]; see Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d 1527, 1533-1534 [2017]).
Plaintiff met its initial burden by submitting proof that the parties entered into an agreement for plaintiff to be paid a set amount for the required work, that plaintiff completed such work, plaintiff sent 21 billing statements to defendants' correct address and defendants did not respond to those statements (see L.E.K. Consulting LLC v Menlo Capital Group, LLC, 148 AD3d 527, 528 [2017]; Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d at 1533; Chianis & Anderson Architects, PLLC v Courterback Dev. Co., LLC, 140 AD3d at 1288; Whiteman, Osterman & Hanna, LLP v Oppitz, 105 AD3d at 1163). After the burden shifted to them, defendants raised material issues of fact sufficient to preclude summary judgment. Although defendants admitted that they did not respond to plaintiff after receiving the billing statements, they submitted proof explaining that the amount was previously in dispute and plaintiff was aware of that dispute. The work was completed by plaintiff in approximately June 2011, but the invoice for the last work was not sent until 2012. Bacchi averred and testified that he met with plaintiff's president in 2012 and offered less than plaintiff demanded, with his offer reflecting costs and losses allegedly suffered as a result of plaintiff allegedly missing the deadline for completion of the work. According to Bacchi, at that meeting he disputed the amount owed and plaintiff's president acknowledged this dispute. When plaintiff later sent the 21 billing statements — beginning in 2013 and ending in 2015 — defendants did not respond because they had already expressed to plaintiff their disagreement regarding the amount that plaintiff asserted was owed. Therefore, defendants' silence at that time cannot be considered acquiescence as to the correctness of the billing statements. The record also contains conflicting information about whether the parties initially agreed upon the price plaintiff was to be paid for its work and, if so, the contract amount. Accordingly, Supreme Court properly determined that plaintiff was not entitled to summary judgment on its account stated cause of action (see Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d at 1533-1534; Chianis & Anderson Architects, PLLC v Courterback Dev. Co., LLC, 140 AD3d at 1289).
Supreme Court did not abuse its discretion in denying the portion of plaintiff's motion seeking to preclude documentary evidence based on alleged disclosure violations. "Trial courts are granted broad discretion in overseeing the disclosure process, and appellate courts will not intervene absent a clear abuse of that discretion" (Lue v Finkelstein & Partners, LLP, 67 AD3d 1187, 1188 [2009] [internal quotation marks and citations omitted]; see Cavanaugh v Russell Sage Coll., 4 AD3d 660, 660-661 [2004]). Motions related to disclosure must include "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (22 NYCRR 202.7 [a] [2]; see Matter of City of Troy v Assessor of the Town of Brunswick, 145 AD3d 1241, 1243 [2016]; Koelbl v Harvey, 176 AD2d 1040, 1040 [1991]). Additionally, because "the remedy of preclusion is drastic," it is "reserved for those instances where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (D.A. Bennett LLC v Cartz, 113 AD3d 945, 946 [2014] [internal quotation marks and citation omitted]). As plaintiff did not comply with the requirement to submit a good-faith affirmation, the court could have denied the discovery portion of the motion on that basis alone (see Koelbl v Harvey, 176 AD2d at 1040). Moreover, as plaintiff failed to establish that defendants acted with willfulness or in bad faith in responding to requests for documents, Supreme Court did not abuse its discretion in denying plaintiff's request for preclusion (see D.A. Bennett LLC v Cartz, 113 AD3d at 948; compare Hypercel Corp. v Stampede Presentation Prods., Inc., 158 AD3d 1237, 1239-1240 [2018]).
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The order on appeal addressed both this action and a separate action that defendants commenced against, among others, plaintiff's president. However, the joint brief filed by plaintiff and its president advised us that Supreme Court has issued a subsequent order granting him the relief he sought, so they are limiting the issues raised on appeal to the denial of plaintiff's motion pertaining solely to this action. Based on that information and the record, it appears that the second action has been entirely discontinued or dismissed. To the extent that the second action remains pending, any arguments related thereto have been abandoned (see Matter of Wilson v Bezio, 93 AD3d 1053, 1053 [2012]).